UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIRSKY SHIPPING & TRADING S.A. and AQUARIAS SHIPMANAGEMENT S.A., | Case No. 11-CV-3511 (PJS/HB) |
| Plaintiffs, | ORDER |
| v. | |
| SAN JUAN NAVIGATION CORP., | |
| Defendant. | |

Brent L. Reichert, ROBINS, KAPLAN, MILLER & CIRESI L.L.P., for plaintiffs.

Plaintiffs Fairsky Shipping & Trading S.A. and Aquarias Shipmanagement S.A. (collectively "Fairsky") bring this admiralty case against defendant San Juan Navigation Corp. ("San Juan"). According to the allegations in Fairsky's complaint, San Juan chartered a vessel from Fairsky under a written contract but has defaulted on its obligation to pay for the charter. Fairsky alleges that San Juan owes nearly $660,000 for the charter as well as attorney's fees and prejudgment interest. The Court has subject-matter jurisdiction under 28 U.S.C. § 1333.

Shortly after filing its complaint, Fairsky sought and obtained an order under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions that attached approximately $7,800 belonging to San Juan in the custody of U.S. Bank N.A. In accordance with the parties' contract, Fairsky demanded that San Juan arbitrate the dispute in London. San Juan apparently failed to respond, and Fairsky has not obtained an arbitration award or a court judgment in its favor.

Fairsky now seeks a default judgment from this Court that would both release the attached funds and enter a personal money judgment against San Juan in the amount of

$794,908.78.  As the Court explained at the hearing on Fairsky's motion, however, the Court has several concerns regarding its authority to enter such a judgment.

When a defendant has failed to appear in an action, the court must satisfy itself that it has personal jurisdiction over that defendant before entering a default judgment.  *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("Defects in personal jurisdiction, however, are not waived by default when a party fails to appear or to respond.").  Nothing in the record suggests that this Court has personal jurisdiction over San Juan.  To the contrary, Fairsky's use of Rule B strongly suggests that the Court does *not* have personal jurisdiction over San Juan.  Indeed, if the application of Rule B was proper, personal jurisdiction may well be precluded:

> Because of the requirement that the defendant not be "found" within the district where the action is brought, Fed. R. Civ. P. Supp. R. B(1)(a), Rule B contemplates that a court will lack *in personam* jurisdiction over the defendant when it orders that a writ of attachment be issued.  In such a proceeding, the court's coercive authority is coterminous with the scope of its jurisdiction, and limited to the extent of the defendant's interest in the attached property; that authority does not extend to the exercise of *in personam* jurisdiction over a Rule B defendant.

*Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 69 n.12 (2d Cir. 2009).

Even if the Court has personal jurisdiction over San Juan, it is not clear to the Court that Fairsky's complaint provides fair notice that, by defaulting, San Juan could subject itself to a personal judgment of nearly $800,000 (as opposed to a Rule B attachment of a negligible amount of money in a U.S. Bank account).  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  The complaint does not clearly ask the Court to litigate the parties' underlying contractual dispute; to the contrary, the complaint explicitly contemplates that the parties' underlying contractual dispute

will be arbitrated, not litigated. Moreover, by seeking relief under Rule B, the complaint strongly suggests that this Court *lacks* personal jurisdiction over San Juan and would be incapable of rendering a judgment on the underlying dispute.

The Court is also concerned that, even if it has personal jurisdiction over San Juan and even if the complaint provides fair notice that Fairsky is seeking a personal judgment of nearly $800,000 against San Juan, the Court may not have the authority to enter judgment on the merits of Fairsky's underlying contract claim. The parties' contract requires that they arbitrate that claim in London, and Fairsky has not cited any authority supporting this Court's ability to adjudicate the claim in the face of that arbitration agreement. And without a judgment on the merits — either from this Court or from elsewhere — it is not clear how the Court could order the release of the attached funds.

Finally, Fairsky also seeks attorney's fees and prejudgment interest. In its papers, however, Fairsky did not cite any authority that would allow the Court to award either, nor did it provide materials to support the claimed amount of fees or authority for the rate of prejudgment interest.

The Court will therefore order Fairsky to address these issues in a supplemental brief or, in the alternative, dismiss this case without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT no later than Friday, December 5, 2014, plaintiffs must either:

1. Dismiss this case without prejudice; or

2. File a supplemental brief, and any necessary supporting affidavits or other materials, addressing the following issues:

   a. Whether the Court has personal jurisdiction over defendant.

   b. Whether, if the Court has personal jurisdiction over defendant, the Court's order attaching defendant's bank account under Rule B was in error.

   c. Whether plaintiffs' complaint can be fairly read to include a demand that the Court litigate the merits of the underlying contractual dispute and enter a personal money judgment of nearly $800,000 against defendant.

   d. Whether the Court has the ability to adjudicate the merits of the parties' underlying contractual dispute in light of the arbitration clause in the parties' contract.

   e. Whether the Court can release the attached funds to plaintiffs without (1) an arbitration award in plaintiffs' favor on the underlying contract claim and (2) a judicial order confirming that award and reducing it to judgment.

   f. The source of the Court's authority to award attorney's fees and the amount of the fees.

   g. The source of the Court's authority to award prejudgment interest and the authority for plaintiffs' claimed rate of interest.

Dated: November 5, 2014         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge